UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RANDY ANTHONY BROWN** | **DOCKET NO. 6:23-cv-01286** |
| **D.O.C. # 374007** | **SECTION P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **MARCUS MYERS** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Pro se petitioner Randy Anthony Brown ("Brown"), an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 14, 2023. Rec. Doc. 1. Petitioner attacks his 2020 conviction and subsequent sentence imposed thereon by the 16th Judicial District Court, St. Mary Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

Petitioner Randy Anthony Brown pled guilty to one count of aggravated second-degree battery and was sentenced on October 27, 2020, to a term of seven years. Doc. 1, p. 1. According to petitioner, his first filing in the appellate courts was a writ filed in the Louisiana First Circuit Court of Appeal, which was denied on June 20, 2023. *Id*. at p. 2. The appellate court held, "The district court did not abuse its discretion by denying the pleading at issue herein. Relator pled guilty in this case, and he failed to timely file his pleading, which is a request for postconviction

relief, before the time limitation expired. See La. Code Crim. P. art. 926.2(A)." *State v. Brown*, 2023 La. App. LEXIS 1034 (June 20, 2023).

*Law and Analysis*

*1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Therefore, the limitations period should not be reckoned as provided in 28 U.S.C. § 2244(d)(1)(B) or (C).

2

(5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not file a direct appeal of his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following his conviction. Petitioner has not provided the Court with the date of his conviction. However, he has provided his sentencing date of October 27, 2020. Doc. 1, p. 1. Given the petitioner the benefit of that date, the latest his sentence could have become final was thirty days following the sentencing, or, on or about November 26, 2020. Under §2244(d)(1) petitioner had one year from that date, or until November 26, 2021, to file his federal habeas petition.

Petitioner filed his federal habeas petition on September 14, 2023. He was unable to toll the AEDPA's limitations period because by the time he launched his first collateral attack on his conviction in June 2023, the limitations period had already expired and could not thereafter be revived. *See Villegas*, 184 F.3d 467. Thus, none of petitioner's post-conviction pleadings could serve to toll the running of the limitations period. This petition is clearly time-barred by the provisions of the AEDPA.

## 2. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As

3

recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999). Here, petitioner has neither pled, nor alleged any circumstances to qualify for, equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled," nor do they suggest that he was prevented in any way from asserting his rights.

### 3. Actual Innocence

Petitioner, conceding that his petition is untimely, argues that the statute of limitations does not bar his petition because an "actual innocence post-conviction can be filed at any time." Doc. 1, p. 13.

In *McQuiggin v. Perkins,* 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim

must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (*citing McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id*. at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Petitioner claims that he is actually innocent, "based on the wrong name on the arrest warrant. I'm not Randy Brown Jr. or Sr." *Id*. at p. 3. Petitioner has not presented any 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Floyd*, 894 F.3d at 155. He is therefore not entitled to equitable tolling on the basis of alleged actual innocence.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE in Chambers on this 20th day of December, 2023.

                                                    **Carol B. Whitehurst**
                                                    **United States Magistrate Judge**